Robert W. Sadowski
Raphael Katz
DIAMOND MCCARTHY LLP
*Attorneys for Relator John Doe*

620 8th Avenue, 39th Floor
New York, New York 10018
Tel. No.: (212) 430-5400

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA
*ex rel.* JOHN DOE and THE STATE OF NEW YORK *ex rel.* JOHN DOE,

          Plaintiffs,

- against -

STRUCTURED EMPLOYMENT ECONOMIC DEVELOPMENT CORPORATION,

          Defendant.

**COMPLAINT**

**FILED *IN CAMERA* AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)**

---

Plaintiff the United States of America *ex rel.* John Doe and the State of New York *ex rel.* John Doe, by and through John Doe's attorneys, Diamond McCarthy LLP, allege for their complaint as follows:

### PRELIMINARY STATEMENT AND NATURE OF THE ACTION

1.    This is a civil action brought by relator John Doe on his own behalf and on behalf of the United States of America ("United States") and the State of New York against Structured Employment Economic Development Corporation ("SEEDCO" or "Defendant") under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (the "False Claims Act") and the New York State False Claims Act, New York Finance Law §§ 189 *et seq.*, to recover damages sustained by, and

penalties owed to, the United States and to the State of New York as the result of Defendant having knowingly presented or caused to be presented false claims for the payment of funds disbursed under Federal and New York State grants for its operation of New York City Workforce1 Career Centers, in excess of the amounts to which Defendant was lawfully entitled.

2. The New York City Workforce1 program exists in order to help unemployed or underemployed New York residents find employment, and specifically to place them in jobs. Workforce1 is a product of and funded by the Workforce Investment Act, as well as stimulus funds addressing the current economic crisis.

3. These claims are based on SEEDCO's false and fraudulent claims as follows:

- SEEDCO fraudulently claimed credit for placed candidates through its Workforce1 Career Centers in jobs in which it did not place them.

- In order to perpetrate this fraud, SEEDCO created false records of placements, including by creating false dates of placement and claiming credit for jobs previously held by candidates.

- SEEDCO made claims for and received federal and New York State funds for operating the Workeforce1 Career Centers despite its fraudulent scheme.

- SEEDCO received additional monies as a bonus for every additional fraudulent placement it made.

- SEEDCO used its fraudulent placement record to negotiate, obtain, and renew its contracts with New York City to operate Workforce1 Career Centers.

4. Through SEEDCO's false claims and fraudulent actions, New York City's Workforce1 program has been damaged by tens of millions of dollars, which in turn deprived the

2

City's unemployed and underemployed residents of receiving important services to help them obtain jobs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims brought under the False Claims Act pursuant to 31 U.S.C. § 3730(a), 28 U.S.C. §§ 1331, 1345, and 1367.

6. Venue lies in this District pursuant to 31 U.S.C. § 3732(a), and 28 U.S.C. §§ 1391(b) and 1391(c), because the Defendant is located in this District, Defendant does business in this District, and because many of the acts complained of herein took place in this District.

## THE PARTIES

7. Plaintiffs are the United States of America on behalf of its agency the United States Department of Labor and the State of New York.

8. Relator John Doe is a former employee of defendant SEEDCO, and resides in Seattle, Washington.

9. Defendant SEEDCO is a not-for-profit Delaware Corporation with its offices in New York, New York. It is under contracts with the New York City Small Business Services ("SBS") to operate two New York City Workforce1 Career Centers and four satellite centers.

## THE LAW

**Workforce1, the Workforce Investment Act and other Federal and State Funding**

10. The Workforce Investment Act ("WIA") was enacted in 1998 in order to encourage and fund nationwide workforce development. It provides funding for states to help their residents secure jobs, including by creating One-Stop career centers designed to help place unemployed and underemployed persons in jobs. In New York City, these centers are called Workforce1 Career Centers.

3

11. New York City first received funding through the WIA in 2000, opening its first Workforce1 Career center. In 2003, The Bloomberg administration expanded the Workforce1 program, by delegating the operation of the Workforce1 Centers to the SBS. There are now nine operating Workforce1 Centers in New York City. SBS, in turn contracts with various profit and not-for-profit entities to operate the Workforce1 Centers, which receive Government funding.

12. New York City has received hundreds of millions of dollars for its WIA programs, for example, receiving approximately $142.5 million in 2002 and $67.1 million in 2010.

13. Due to the current economic crisis, the American Recovery and Reinvestment Act of 2009 ("ARRA") added over $30 million of stimulus funding to the Workforce1 program.

14. In addition to Federal funding, Workforce1 also receives City and State funding.

**The Federal False Claims Act**

15. The False Claims Act, as amended, provides, in pertinent part, that:

> any person who (A) knowingly presents, or causes to be presented a false or fraudulent claim for payment or approval; B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; . . . G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,
>
> is liable to the United States Government for a civil penalty of not less than [$5,500] and not more than [$11,000]... plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729.

**The New York False Claims Act**

16. The New York False Claims Act provides, in pertinent part, that:

> (1) Any person who (A) knowingly presents, or causes to be presented, to any employee, officer or agent of the State or a local government, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made

4

or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; . . . (G) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State or a local government

\* \* \*

shall be liable: (I) to the State for a civil penalty of not less than six thousand dollars and not more than twelve thousand dollars, plus three times the amount of damages which the State sustains because of the act of that person; and (II) to a local government for three times the amount of damages sustained by such local government because of the act of that person.

New York State Finance Law §§ 189 (1)(A), (B), (G), (I), (II).

## THE FACTS

### The New York City Contracts with SEEDCO

17. SEEDCO first entered into a three-year contract with New York City and SBS in 2004 to operate the upper Manhattan Workforce1 Career Center, for which it received approximately $6.3 million. In 2007, SEEDCO renewed its contract for an additional three-year term, receiving approximately $8.7 million. SEEDCO subsequently renewed that contract again in 2010, and was awarded another contract to operate an additional Workforce1 Career Center located in the Bronx in January 2011, as well as four satellite centers in Summer 2011.

18. Through the contracts, SEEDCO was paid to operate the centers and to place New Yorkers in jobs. Twenty to thirty percent of those contracts depended solely on the amount of successful placements by SEEDCO. In other words, SEEDCO received additional funds for each successful placement.

19. Upon information and belief, SEEDCO impliedly and/or expressly certified compliance with Department of Labor and other federal, state and/or city regulations related to the receipt of WIA and ARRA funds and other Workforce1 funding.

**SEEDCO Scheme to Defraud the Government**

20. Upon information and belief, since SEEDCO first contracted with SBS in 2004 to operate a Workforce1 Career Center, it has engaged in a scheme to defraud the State of New York and the United States of monies intended to place New Yorkers in jobs.

21. SEEDCO routinely claimed credit for job placements that it did not make and created false records to cover up this scheme.

22. The scheme would often work as follows: an unemployed or underemployed New Yorker seeking a job would visit the Workforce1 Career Center and fill out an application detailing their job history. A SEEDCO worker would read the application and take the applicant's most recent job and created a record that would alter the start date for that job and claim credit for SEEDCO placing them in that job, even though it did not do so and the applicant had that job before coming to SEEDCO for assistance. SEEDCO also altered the listed salaries of "placed employees" and the hours per week that they supposedly worked.

23. For example, Andy Damas filled out an application at the upper Manhattan Workeforce1 Career Center on February 16, 2011, on which he stated that he had worked at a company called WEME Mainstream until 2007. The vary next day SEEDCO created a record stating that Mr. Damas had visited the Workforce1 Career Center on December 10, 2011, and that SEEDCO placed him at WEME Mainstream on January 17, 2011.

24. Had the United States or the State of New York known about this scheme, they would not have allowed SEEDCO to continue to receive funding through its contract with SBS. Nor would they have allowed SBS to renew its contract with SEEDCO or to open a new Workforce1 Career Center in the Bronx in January 2011.

25. Additionally, because of the way the contracts with SBS were structured, SEEDCO received additional monies for each fraudulent placement they claimed.

**Retaliation**

26. Relator John Doe worked for SEEDCO at the Upper Manhattan Workforce1 Career Center from April 5, 2010 through June 3, 2011.

27. Upon discovering the fraud described above, Relator notified SEEDCO and entered into its internal whistleblower program.

28. Rather than properly investigating or remedying the fraud, SEEDCO management marginalized Relator despite his senior position at the Workeforce1 Center, and in fact, one senior leadership team member stopped speaking to him entirely. Additionally, SEEDCO management was secretly trumping up charges against him to further marginalize him and, upon information and belief, to cover up the fraud. This included the Center Director sending disparaging text messages about Relator to a subordinated employee.

29. Because SEEDCO refused to remedy the fraud, and marginalized Relator, he had no choice but to resign in the middle of May 2011. Additionally, upon learning that he had spoken to the New York Times regarding its fraud, SEEDCO retaliated by defaming him by falsely accusing him of misconduct to the New York Times Reporter and sending the disparaging text messages, which accusations were published in the New York Times. Thus, SEEDCO has taken active steps to prevent Relator from seeking additional employment.

30. Upon information and belief, Defendants intentionally retaliated against John Doe because he raised serious violations of law by Defendant, because he participated in SEEDCO's internal whistleblower program, because he caused an article about SEEDCO's fraud to be

7

published in the New York Times, and because Defendant feared he would become a whistleblower in an action filed against SEEDCO.

31. As a result of Defendant's acts, John Doe has suffered economic damages, including but not limited to the loss of his job, the monies he has expended since his constructive discharge in pursuing new employment, and lost wages, as well as damages resulting from personal hardship, including but not limited to emotional distress.

## CONCLUSION

32. Due to SEEDCO's fraud, the WIA One-Stop program and the New York City Workforce1 program were damaged by millions of dollars.

33. Further, WIA and ARRA grants are fixed amount grants. Accordingly, SEEDCO's misuse of Government funding and stimulus dollars could have been spent on actually placing New Yorkers in jobs.

34. Thus, as a direct result of SEEDCO's fraud, New York City has significantly less funds to spend on helping New Yorkers find jobs in this tough economic time.

## FIRST CLAIM

Violations of the Federal False Claims Act
(31 U.S.C. § 3729 (a)(1)(A))
Presenting False Claims for Payment

35. Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

36. The United States seeks relief against Defendant under Section 3729(a)(1)(A) of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A).

37. Defendant knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval in connection with the submission of its request for reimbursement for its operation of Workforce1 Career centers.

8

38. The United States paid Defendant because of Defendant's fraudulent conduct.

39. By reason of Defendant's false claims, the United States has been damaged in a substantial amount to be determined at trial.

**SECOND CLAIM**
Violations of the Federal False Claims Act
(31 U.S.C. § 3729 (a)(1)(B))
Use of False Statements

40. Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

41. The United States seeks relief against Defendant under Section § 3729(a)(1)(B) of the False Claims Act, 31 U.S.C. 3729(a)(1)(B).

42. Defendant knowingly made, used, or caused to be made or used, false records or statements material to false and fraudulent claims, in connection with the submission of its requests for reimbursement for its operation of Workforce1 Career centers.

43. The United States paid such false or fraudulent claims because of Defendants' acts and conduct.

44. By reason of Defendant's false claims, the United States has been damaged in a substantial amount to be determined at trial.

**THIRD CLAIM**

Violations of the Federal False Claims Act
(31 U.S.C. § 3729 (a)(1)(G))
Use of False Statements

45. Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

46. The United States seeks relief against Defendant under Section § 3729(1)(G) of the False Claims Act, 31 U.S.C. § 3729(a)(1)(G).

9

47. Defendant knowingly made, used, or caused to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government in connection with the submission of their requests for reimbursement for its operation of Workforce1 Career centers.

48. Defendant failed to pay or transmit money due to the United States because of Defendant's acts and conduct.

49. By reason of the Defendant's use of false statements, the United States has been damaged in a substantial amount to be determined at trial.

## FOURTH CLAIM

Violations of the New York State False Claims Act
(NY State Finance Law § 189 (1)(a))
Presenting False Claims for Payment

50. Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

51. The State of New York seeks relief against Defendant under Section 189 (1)(a) of the New York False Claims Act, NY State Finance Law § 189 (1)(a).

52. Defendant, knowingly or acting with deliberate ignorance or with reckless disregard for the truth, presented, or caused to be presented, to an officer, employee or agent of the State of New York, false and fraudulent claims for payment or approval in connection with the submission of Defendant's requests for reimbursement for its operation of Workforce1 Career centers.

53. The State of New York paid Defendant because of Defendant's fraudulent conduct.

10

54. By reason of Defendant's conduct, the State of New York has been damaged in a substantial amount to be determined at trial.

## FIFTH CLAIM

Violations of the New York State False Claims Act
(NY State Finance Law § 189 (1)(b))
Use of False Statements

55. Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

56. The State of New York seeks relief against Defendant under Section 189 (1)(b) of the New York False Claims Act, NY State Finance Law § 189 (1)(b).

57. Defendant, knowingly or acting in deliberate ignorance or in reckless disregard for the truth, made, used, or caused to be made and used, false records and statements, in order to get false or fraudulent claims paid or approved by the State of New York in connection with the submission of Defendant's requests for reimbursement for its operation of Workforce1 Career centers.

58. The State of New York paid Defendant because of Defendant's fraudulent conduct.

59. By reason of Defendant's conduct, the State of New York has been damaged in a substantial amount to be determined at trial.

## SIXTH CLAIM

Violations of the New York State False Claims Act
(NY State Finance Law § 189 (1)(g))
Use of False Statements

60. Plaintiffs incorporate by reference the paragraphs above as if fully set forth herein.

61. The State of New York seeks relief against Defendant under Section 189 (1)(g) of the New York False Claims Act, NY State Finance Law § 189 (1)(g).

62. Defendant, knowingly or acting in deliberate ignorance or in reckless disregard for the truth, made, used, and caused to be made and used, false records and statements, in order to conceal, avoid, or decrease the obligation to pay or transmit money or property to the State of New York in connection with the submission of Defendant's requests for reimbursement for its operation of Workforce1 Career centers..

63. Defendant failed to pay or transmit money due to the State of New York because of Defendant's acts and conduct.

64. By reason of Defendant's acts and conduct, the State of New York has been damaged in a substantial amount to be determined at trial.

### SEVENTH CLAIM

Violations of the Federal False Claims Act
(31 U.S.C. § 3730 (h))
Retaliation

65. Relator incorporates by reference the paragraphs above as if fully set forth herein.

66. Defendant violated Section § 3730(h) of the False Claims Act, 31 U.S.C. § 3730(h).

67. Defendant has intentionally retaliated against John Doe by constructively discharging him, by defaming him, and by taking steps to prevent him from securing other employment.

68. Such conduct by Defendant was due to John Doe's actions taken in furtherance of this action, and Defendant had actual and constructive knowledge of such actions.

69. Such conduct by Defendant has damaged John Doe in a substantial amount, including but not limited to personal hardship and economic loss, in an amount to be determined at trial.

## EIGHTH CLAIM

### Violations of the New York State False Claims Act
(NY State Finance Law § 191)
Retaliation

70. Relator incorporates by reference the paragraphs above as if fully set forth herein.

71. Defendant violated Section 191 of the New York False Claims Act, NY State Finance Law § 191.

72. Defendant has intentionally retaliated against John Doe by constructively terminating him, by defaming him, and by taking steps to prevent him from securing other employment.

73. Such conduct by Defendant was due to John Doe's actions taken in furtherance of this action, and Defendant had actual and constructive knowledge of such actions.

74. Such conduct by Defendant has damaged John Doe in a substantial amount, including but not limited to personal hardship and economic loss, in an amount to be determined at trial.


WHEREFORE, plaintiffs the United States *ex rel.* John Doe and the State of New York *ex rel.* John Doe request that judgment be entered in their favor and against Defendant as follows:

(a) On the First, Second and Third Claims for Relief (Violations of the False Claims Act, 31 U.S.C. § 3729(a)(1) (A), (B) and (G), for treble the United States' damages, in an amount to be determined at trial, and an $11,000 penalty for each and every false or fraudulent claim, record or statement made, used, presented or caused to be made, used or presented by Defendants; and

(b) Awarding John Doe his relator's share pursuant to 31 U.S.C. § 3730(d)(1) or (2); and

(c) On the First, Second and Third Claims for Relief, an award of costs and attorney's fees pursuant to 31 U.S.C. § 3730(d); and

(d) On the Fourth, Fifth and Sixth Claims for relief (Violations of the New York False Claims Act, NY State Finance Law § 180(1)(A), (B), (G) and (I), for treble the State of New York's damages, in an amount to be determined at trial, plus a $12,000 penalty for each false claim; and

(e) Awarding John Doe his relator's share pursuant to NY State Finance Law § 190(6); and

(f) On the Fourth, Fifth, and Sixth Claims for Relief, an award of costs and attorney's fees pursuant to NY State Finance Law § 190(7); and

(g) On the Seventh and Eighth Claims for Relief (Violations of the False Claims Act, 31 U.S.C. § 3730(h) and of the New York False Claims Act, NY State Finance Law § 191) awarding John Doe two times back pay and interest on the back pay and all special damages sustained as a result of the

discrimination including but not limited to litigation costs and reasonable attorneys' fees; and

(h) Awarding such further relief as is proper.

**JURY TRIAL IS DEMANDED**

Dated: New York, New York
September 12, 2011

DIAMOND MCCARTHY LLP
*Attorneys for Relator John Doe*

By: *Raphael Katz*

Robert W. Sadowski
Raphael Katz
New York Times Building
620 8th Avenue, 39th Floor
New York, New York 10018
Telephone: (212) 430-5407
Facsimile: (212) 430-5499
rsadowski@diamondmccarthy.com

TO:

United States Attorney
for the Southern District of New York
86 Chambers Street
New York, New York

Attorney General
Civil Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

New York State Attorney General
120 Broadway
New York, New York 10271