

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA *ex rel.* JOHN
DOE and THE STATE OF NEW YORK *ex rel.*
JOHN DOE,

        Plaintiffs,

        v.

STRUCTURED EMPLOYMENT ECONOMIC
DEVELOPMENT CORPORATION,

        Defendant.

---

UNITED STATES OF AMERICA,

        Plaintiff-Intervenor,

        v.

ALEX SAAVEDRA, SHOMARI GREENE,
ALAN KATZ, TAGEWATEE CHANDARPAUL,
and MITCHELL MCCLINTON,

        Defendants.

**CONSENT DECREE AND ORDER**
**OF SETTLEMENT AND**
**DISMISSAL AS TO**
**ALAN KATZ**

11 Civ. 6425 (AKH)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/16/13

        WHEREAS, this Stipulation and Order of Settlement and Dismissal is entered into by

and among plaintiff the United States of America (the "United States"), by its attorney Preet

Bharara, United States Attorney for the Southern District of New York, and defendant Alan Katz

("Defendant" or "Katz") (collectively, the "Parties"); and

        WHEREAS, from at least April 1, 2004 through at least April 25, 2012 (the "relevant

time period"), defendant Structured Employment Economic Development Corporation

("SEEDCO") operated Workforce1 Career Centers in New York City, pursuant to contracts

entered into by and between SEEDCO and New York City's Small Business Services Division;

WHEREAS, during the relevant time period, a primary function of the Workforce1 Career Centers was to place unemployed and underemployed persons in jobs and assist people in retaining and advancing in jobs that they have;

WHEREAS, during the relevant time period, the United States, through the United States Department of Labor ("US DOL"), funded SEEDCO's operation of the Workforce1 Career Centers through federal grant money provided by the Workforce Investment Act of 1998, 29 U.S.C. § 2801 *et seq.*, and the American Recovery and Reinvestment Act of 2009, Pub. L. 111-5 (collectively, the "WIA" or "WIA funding");

WHEREAS, on or about September 14, 2011, the Relator filed a *qui tam* action (the "Civil Action") under the name John Doe, in the United States District Court for the Southern District of New York (the "Court") pursuant to 31 U.S.C. § 3730(b), the *qui tam* provision of the False Claims Act, 31 U.S.C. §§ 3729-33(the "FCA" or "False Claims Act") and the New York False Claims Act (N.Y. State Finance Law §§187-194). In the Civil Action, the Relator alleged, among other things, that SEEDCO made false claims in connection with job placement programs and retaliated against him in violation of the federal FCA and the New York False Claims Act;

WHEREAS, the United States intervened in the Civil Action and filed the Complaint-in-Intervention of the United States of America on May 22, 2012, and filed a First Amended Complaint-in-Intervention of the United States of America on February 11, 2013 (collectively, the "Federal Complaint");

WHEREAS, the Federal Complaint alleges, among other things, that SEEDCO, along with Katz and other individual defendants, defrauded the United States by, among other things, making misrepresentations about job candidates being placed in jobs purportedly with the

2

assistance of the Workforce1 Career Centers, and that by these actions and others, SEEDCO and the individual defendants, including Katz, knowingly caused the submission and payment of false claims seeking federal WIA funding, as well as knowingly made or used false records or statements which were material to false or fraudulent claims submitted to the United States for payment (including all the allegations in the Federal Complaint, the "Covered Conduct");

WHEREAS, the Federal Complaint alleges that Katz was Manager of the Upper Manhattan Workforce1 Career Center's Recruitment & Placement department, until he was promoted to Deputy Director of the Bronx Workforce1 Career Center;

WHEREAS, the Federal Complaint seeks treble damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729-3733, as well as damages under the common law;

WHEREAS, the Parties desire to reach a full and final settlement and compromise of the claims that the United States asserts and could assert against Katz by entering into this Consent Decree (the "Consent Decree");

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.     The Parties consent to this Court's exercise of personal jurisdiction over each of them.

2.     In settlement of this action, Katz shall pay to the United States, no later than fifteen (15) days after the Effective Date, as defined in Paragraph 25 below, $25,000.00 (the "Settlement Amount") by check, made payable to "Treasurer, United States of America" and shall transmit such funds in accordance with written instructions to be provided by the United States.

3

3.	In connection with the periods in which Alan Katz was Manager of Recruitment & Placement at SEEDCO's Upper Manhattan Workforce1 Career Center and Deputy Director of SEEDCO's Bronx Workforce1 Career Center, Mr. Katz admits, acknowledges, and accepts responsibility for his involvement in SEEDCO's submission of reports to the City of New York falsely representing that job candidates had been placed in jobs by or with the assistance of SEEDCO.

4.	Katz further admits and acknowledges that the Consent Decree, including the Settlement Amount, is fair, reasonable, and adequate under the facts and circumstances.

5.	Katz is hereby enjoined from presenting, or causing to be presented, a false or fraudulent claim for payment or approval to the United States; and making, using, or causing false statements or records to be made in connection with claims presented to the United States for payment or approval.

6.	Subject to the exceptions in Paragraph 8 below (concerning excluded claims), conditioned upon Katz's timely payment of the full Settlement Amount, the United States releases Katz from any civil monetary claim arising from the Covered Conduct that the United States has or may have against Katz concerning the Covered Conduct, including claims under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; and the common law theories of payment by mistake, unjust enrichment, and fraud.

7.	Katz agrees to cooperate fully with the United States in connection with the investigation of SEEDCO's former employees or others regarding the schemes to defraud the United States alleged in the Federal Complaint, or regarding job placement reporting at

4

SEEDCO's Workforce1 Career Centers. Specifically, Katz agrees that he shall (a) provide complete and truthful disclosure of all non-privileged information as may be required by the United States with respect to the Covered Conduct, and (b) provide testimony as requested by the United States in connection with any criminal, civil, or administrative proceeding in connection with the Covered Conduct.

8.     Notwithstanding the release given in Paragraph 6 of this Consent Decree, or any other term of this Consent Decree, the following claims of the United States are specifically reserved and are not released by this Consent Decree:

a.     Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.     Any criminal liability;

c.     Any administrative liability, including mandatory suspension or exclusion from US DOL programs;

d.     Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

e.     Any liability based on obligations created by this Consent Decree.

9.     Katz shall be in default of this Consent Decree if he fails to make the payment required in paragraph 2. The United States will provide written notice of the default, to be sent by first-class mail to the counsel for Katz identified in Paragraph 24 below. In the event of default, the Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of 5% per annum compounded daily on the remaining unpaid principal balance, beginning seven (7) business days after delivery of the notice of default. If the Settlement Amount is not paid in full within seven (7) business days after delivery of the notice of default,

5

the United States may, at its option: (a) seek specific performance of the Consent Decree; (b) offset the remaining unpaid balance of the Settlement Amount from any amounts due and owing Katz by any department, agency or agent of the United States at the time of default; (c) reinstate this lawsuit; or (d) exercise any other rights granted by law, or under the terms of this Consent Decree, or recognizable at common law or in equity. Katz shall not contest any offset imposed or any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any State or Federal court. In addition, Katz shall pay to the United States all reasonable costs of collection and enforcement under this paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this Consent Decree pursuant to this paragraph, Katz shall not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which relate to the Covered Conduct, except to the extent those defenses were available on the date of the filing of the complaint in this action.

10.     Katz waives and will not assert any defenses he may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the United States Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the United States Constitution, this Consent Decree bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of the Consent Decree constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code or New York State Tax Law.

11.    Katz has provided sworn financial disclosure statements and other financial information to the United States ("Financial Statements"), and the United States has relied on the accuracy and completeness of those Financial Statements in entering into this Consent Decree. Katz warrants that the Financial Statements are thorough, accurate, and complete. Katz further warrants that he does not own or have an interest in any asset(s) that has not been disclosed in the Financial Statements, and that he has made no misrepresentations on, or in connection with, the Financial Statements. In the event the United States learns of: (a) an asset(s) in which Katz had an interest at the time of this Consent Decree that would change the estimated net worth of Katz set forth in the Financial Statements by five thousand dollars ($5,000) or more, and which was not disclosed in the Financial Statements; or (b) a misrepresentation by Katz on, or in connection with, the Financial Statements, and in the event such non-disclosure or misrepresentation changes the estimated net worth of Katz set forth in the Financial Statements by five thousand dollars ($5,000) or more; the United States may at its option: (1) rescind this Consent Decree and reinstate its Federal Complaint in this action; or (2) let the Consent Decree stand and collect the full Settlement Amount plus one hundred percent (100%) of the value of the net worth of Katz previously undisclosed or concealed or dissipated. To the extent that the United States discovers the occurrence of an event(s) encompassed by subparts (a) through (b) of this paragraph, Katz agrees not to contest any collection action undertaken by the United States pursuant to this provision, and agrees not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims, except to the extent these defenses were available on the date that the Federal Complaint was filed.

7

12.    Katz agrees that this Consent Decree is not punitive in purpose or effect.

13.    Katz fully and finally releases the United States, and its agencies, departments, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Katz asserted, could have asserted, or may assert in the future against the United States, its agencies, departments, employees, servants, and agents related to the Covered Conduct, and the United States' investigation and prosecution thereof, and this Consent Decree.

14.    This Consent Decree is intended to be for the benefit of the parties only. The parties do not release any claims against any other person or entity, except as provided in this Consent Decree.  Until the Settlement Amount is fully satisfied, Katz shall maintain custody of, or make arrangements to maintain, all of his documents and records related to the Covered Conduct.

15.    If, within 91 days of the effective date of this Consent Decree or within 91 days of any payment under this Consent Decree, Katz commences, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization or relief of debtors: (i) seeking to have any order for relief of Katz's debts; (ii) seeking to adjudicate Katz as bankrupt or insolvent; or (iii) seeking appointment of a receiver, trustee, custodian or other similar official for Katz or for all or any substantial part of his assets, then:

a.    Katz's obligations under this Consent Decree shall not be avoided pursuant to 11 U.S.C. § 547, and Katz shall not argue or otherwise take the position in any such case, proceeding or other action that: (i) Katz's

8

obligations under this Consent Decree may be avoided under 11 U.S.C. §
547; (ii) Katz was insolvent at the time this Consent Decree was entered
into, or became insolvent as a result of the payments made to the United
States hereunder; or (iii) the mutual promises, covenants and obligations
set forth in this Consent Decree do not constitute a contemporaneous
exchange for new value given to Katz.

b.    In the event that Katz's obligations hereunder are avoided for any reason,
including, but not limited to, through the exercise of a trustee's avoidance
powers under the Bankruptcy Code, the United States, at its sole option,
may rescind the releases in this Consent Decree, and bring any civil and/or
administrative claim, action or proceeding against Katz for the claims that
would otherwise be covered by the releases provided in paragraph 6,
above. Katz agrees that (i) any such claims, actions, or proceedings
brought by the United States are not subject to an "automatic stay"
pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or
proceedings described in the first clause of this paragraph, and Katz shall
not argue or otherwise contend that the United States' claims, actions, or
proceedings are subject to an automatic stay; (ii) Katz shall not contend
that any such claims, actions or proceedings brought by the United States
are subject to an automatic stay pursuant to 11 U.S.C. § 362(a) as a result
of the action, case or proceeding described in the first clause of this
paragraph; (ii) Katz shall not plead, argue or otherwise raise any defenses

9

under the theories of statute of limitations, laches, estoppel or similar theories, to any such civil or administrative claims, actions or proceedings which are brought by the United States within thirty (30) calendar days of written notification to him that the releases herein have been rescinded pursuant to this paragraph, except to the extent such defenses were available on the date the original complaint-in-intervention was filed in this action (May 22, 2012); and (iii) Katz shall not contest the validity of a claim filed by the United States against him for the Settlement Amount and the United States may pursue its claims in the case, action or proceeding referenced in the first clause of this paragraph, as well as any other case, action, or proceeding.

c. Katz's agreements in this paragraph are provided in exchange for valuable consideration provided in this Consent Decree.

16. Except as expressly provided to the contrary in this Consent Decree, the United States and Katz shall each bear their own legal and other costs incurred in connection with this matter, including the preparation and performance of this Consent Decree.

17. This Consent Decree is governed by the laws of the United States. The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Consent Decree as it relates to this action will be the United States District Court for the Southern District of New York. The parties waive any objection that any of them may now have or hereafter may have to this venue, whether concerning this Consent Decree or

10

for any related suit, action or proceeding, and irrevocably consent to the jurisdiction of this Court
and agree to accept and acknowledge service in any such suit, action or proceeding.

18.    For purposes of construction, this Consent Decree shall be deemed to have
been drafted by all parties to this Consent Decree and shall not, therefore, be construed against
any party for that reason in any subsequent dispute.

19.    Any failure by the United States to insist upon the strict performance of
any of the provisions of this Consent Decree shall not be deemed a waiver of any of the
provisions hereof, and the United States, notwithstanding that failure, shall have the right
thereafter to insist upon strict performance of any and all of the provisions of this Consent
Decree.

20.    If any part of this Consent Decree shall for any reason be found or held
invalid or unenforceable by any court of competent jurisdiction, such invalidity or
unenforceability shall not affect the remainder of this Consent Decree, which shall survive and
be construed as if such invalid unenforceable part had not been contained herein.

21.    This Consent Decree constitutes the complete agreement between the
parties. This Consent Decree may not be amended, changed, modified or waived except in
writing signed by all parties or their authorized representatives.

22.    This Consent Decree may be executed in counterparts, each of which
constitutes an original and all of which constitute one and the same agreement. Facsimiles of
signatures shall constitute acceptable, binding signatures for purposes of this Consent Decree.

23.    Subject to the exceptions herein, in consideration of the obligations of
Katz in this Consent Decree, conditioned upon his timely full payment of the Settlement

11

Amount, this action shall be dismissed with prejudice as to all claims the United States has asserted based on the Covered Conduct, and to the extent of, and as governed by, this Consent Decree. The Court shall retain jurisdiction over this Consent Decree and each party to the extent the obligations herein remain unsatisfied.

24.    Any notices pursuant to this Consent Decree shall be in writing and shall, unless expressly provided otherwise herein, be given by hand delivery, express courier, or facsimile transmission followed by postage prepaid mail, and shall be addressed as follows:

### IF TO THE UNITED STATES:

Sarah J. North
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007

### IF TO DEFENDANT KATZ:

Douglas R. Jensen, Esq.
Park & Jensen LLP
630 Third Avenue
New York, New York 10017

25.    The effective date of this Consent Decree is the date upon which this Consent Decree is entered by the Court (the "Effective Date").

26.    The Parties represent that this Consent Decree is freely and voluntarily entered into without any degree of duress or compulsion whatsoever and upon due deliberation with the advice of counsel.

12

*For the United States*:

Dated: New York, New York
August 15 ~~July~~ , 2013

PREET BHARARA
United States Attorney

By: _____
    SARAH J. NORTH
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2639
Facsimile: (212) 637-2717
E-mail: Sarah.North@usdoj.gov

*For Alan Katz*

Dated: New York, New York
~~July~~ , 2013
August 15,

By: _____
    DOUGLAS R. JENSEN, Esq.
Park & Jensen LLP
630 Third Avenue
New York, New York 10017
Telephone: (646) 200-6320
Fax: (646) 200-6321
E-mail: djensen@parkjensen.com

Dated: New York, New York
August ~~July~~ 7, 2013

_____
ALAN KATZ

Dated: New York, New York
August 16, 2013

SO ORDERED:

_____
HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

13