BETTINA SCHEIN
ATTORNEY AT LAW
565 FIFTH AVENUE, 7TH FL.
NEW YORK, NEW YORK 10017

Alan S. Futerfas                    (212) 880-9417              Bettinascheinlaw@aol.com
 Of Counsel                         (212) 684-5259 fax

September 15, 2014

**Via ECF and Fax**
Honorable Alvin K. Hellerstein
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: ***United States v. Saavedra*  11 Civ. 6425 (AKH)**

Dear Judge Hellerstein:

This letter is respectfully submitted pursuant to Your Honor's Individual Rules of Practice, Rule 2.E, in lieu of a formal motion to compel production of discovery. Defendant Alex Saavedra respectfully requests that the Court order prompt and full compliance with the third party subpoenas served on the New York City Department of Small Business Services ("SBS") and Charney Research LLC ("Charney").

The document subpoenas served months ago on SBS and Charney seek documents that are directly relevant to Mr. Saavedra's defense to the government's false claims allegations against him. SBS entered into the contracts with SEEDCO by which it administered and oversaw the distribution of the federal funds to SEEDCO and closely monitored the job placement results which SEEDCO reported. Charney is a research company which was engaged by SBS in or about 2006 to verify the job placement data reported to SBS by SEEDCO. In response to subpoenas served on SBS and Charney dated March 25, 2014 and June 4, 2014, respectively, these two entities have only provided very minimal documents despite repeated specific document requests and production time accommodations.

SBS has acknowledged that its production is far from complete and that it has the documents requested, yet it has failed to provide those documents. With respect to Charney, notwithstanding repeated requests to provide documents responsive to Mr. Saavedra's document requests 1-6, whether electronically stored or in paper form, Charney's counsel recently stated in an email, "my client has advised me that the documents he has were already produced." Charney, which is an ongoing data research company, has neither provided those documents requested nor stated that a search for those documents has been made.

Honorable Alvin K. Hellerstein
September 15, 2014
Page 2

## I.     Mr. Saavedra's Position

**Mr. Saavedra Respectfully Requests that the Court Compel Prompt Production of the Documents Requested by Defendant's Third Party Subpoenas Served upon SBS and Charney Research**

### a.  SBS Production to Date

In this case, the government alleges that Mr. Saavedra was involved in SEEDCO's submission of false job placement results in order to receive part of certain federal funds allocated to SEEDCO as a vendor operating two Workforce 1 Career Centers located respectively in Upper Manhattan and, from January 1, 2011, in the Bronx. The Amended Complaint alleges the framework pursuant to which SEEDCO and SBS entered into a contract to obtain funding to operate the Workforce 1 Career Centers. *See* Amended Complaint at ¶¶ 14 - 28.

To obtain documents relevant to these allegations, counsel for Mr. Saavedra served SBS with a subpoena for documents on March 25, 2014, nearly six months ago. *See* Exhibit A, SBS Subpoena. The categories of documents sought in that subpoena closely align with the allegations in the Amended Complaint as to SBS's role. In particular, the subpoena seeks:  (1) communications including emails between SBS and SEEDCO; (2) documents related to payments made by SBS to SEEDCO; (3) documents related to the DOI investigation of SEEDCO; (4) documents related to meetings between SBS and SEEDCO; (5) communications between SBS and other governmental offices regarding SEEDCO contracts and payments to SEEDCO; and (6) documents related to SBS's engagement of Charney to verify the job placements reported by SEEDCO. *See id.*

Since April 4, 2014, counsel has telephoned and emailed counsel for SBS in an unsuccessful effort to achieve full compliance with the document subpoena.  It was not until three months later and many emails and phone calls to Michael Rodriguez, Esq., counsel for SBS, that SBS provided its first and only document production.  That production, on July 9, 2014, consisted of a few dozen "monthly management reports" (147 pages) about the Bronx and Upper Manhattan Workforce 1 Career Centers operated by SEEDCO.  These reports cover only a small part of the relevant time period sought by the subpoena.

However, SBS has not produced most of the requested documents. Specifically, SBS has not produced: (1) any communications including emails between SBS and SEEDCO, and/or its employees including managers and directors; (2) any communications and/or documents to or from or about Charney and Charney's reports (SBS retained Charney to independently verify SEEDCO job placement results); (3) any documents related to the DOI investigation of SEEDCO; (4) any communications between SBS and other governmental offices regarding SEEDCO; or (5) invoices, reports, and/or spreadsheets prepared by SEEDCO or SBS in connection with SBS payments.  These documents and communications are directly relevant to the defense of the allegations in this case.

Honorable Alvin K. Hellerstein
September 15, 2014
Page 3

### b. Charney's Production to Date

In the Amended Complaint, the government explains that the Workforce Investment Act ("WIA") requires the local administrators of the federal program, such as SBS, to monitor and measure the accuracy of the job placement reporting of the vendors with whom it contracts. *See* Amended Complaint at ¶ 55.  SBS complied with this requirement by retaining an outside data research and verification firm, Charney Research, to verify the job placements reported by SEEDCO and the entities operating Workforce One centers in other boroughs.  *See id.* Charney's verification of SEEDCO's job placement data factored into certain payments by SBS to SEEDCO under the contracts at issue. Charney describes itself as a "private consulting firm, based in New York, which offers a broad range of professional services in opinion polling, market research, communications strategy development, and project evaluation." Charney began this work for SBS in or about 2006.

The government's allegations thus place front and center both the job placements reported by SEEDCO to SBS and Charney's third party verification methodology and results. The subpoena seeks documents that are highly relevant to the government's allegations in this case.  Documents requests 1 – 6 are for: (1) communications including emails between SBS and Charney relating to Charney's verification and audit of SEEDCO job placements; (2) documents related to SBS's retention of Charney, including the verification and audit reports and related interim work performed by Charney and any information related to payments to Charney by SBS; (3) phone scripts or other documents related to the actual verification process of SEEDCO job placements; (4) protocols and understandings between Charney and SBS or provided by SBS to Charney which governed Charney's verification process; (5) communications including any contracts related to SBS' retention of Charney from 2006 to 2011; and (6) communications between Charney and any other governmental offices regarding Charney's work for SBS in connection with SEEDCO. *See* Exhibit B, Charney Subpoena.

Charney's production to date is inadequate.  In its first response, Charney produced 81 pages of documents on July 2, 2014.  These 81 pages consisted of: (1) three quarterly job placement verification and audit reports for one year, out of four years requested by the subpoena (17 pages); (2) a 2005 draft Request for Proposal submitted to SBS (60 pages); and (3) the subpoena received by Charney during the DOI's investigation of SEEDCO with a one page written response from Charney (4 pages). Not a single email or other communication was produced.

Counsel notified Charney's attorney, Jerry Goldfeder, Esq., about Charney's deficient production. The need to receive full production from Charney was one of the reasons undersigned counsel sought an extension of the discovery period in its letter to the Court dated August 5, 2014. After communications with counsel for Charney, additional production was received on August 13, 2014. That production only provided quarterly job placement verification reports for additional quarters of the time period covered by the subpoena. Not a single email, contract, memorandum or other document was ever produced.

Honorable Alvin K. Hellerstein
September 15, 2014
Page 4

The subpoena calls for six categories of documents. Charney Research is an ongoing business which claims to have expertise in "communications strategy development." It is highly unlikely that it does not have any emails, or any of the other requested documents, all of which are kept in the ordinary course of running a business. Presently, Mr. Charney is scheduled to be deposed on October 1, 2014. Counsel respectfully requests that Charney be compelled to produce the subpoenaed documents prior to his deposition.

### c.  Argument

It is well-settled that the scope of discovery under a Rule 45 subpoena, like those at issue here, is the same as that permitted under Rule 26. *See Chamberlain v. Farmington Sav. Bank*, 2007 WL 2786421, *1 (D. Conn. Sept. 25, 2007) (*citing* Fed.R.Civ.P. 45 Advisory Committee Notes to 1970 Amendment, for the proposition that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules" and 9A Wright & Miller § 2459, at 42, for the proposition that the "scope of discovery through a subpoena is 'exceedingly broad' and incorporates the provisions of Rules 26(b) and 34"); *see also O'Brien v. Barrows*, 2010 WL 4180752, *2 (D. Vt. Oct. 19, 2010) (*citing During v. City Univ. of New York*, 2006 WL 2192843, *3 (S.D.N.Y. Aug.1, 2006) (collecting cases)). The requirement under Rule 26 is that the information sought be relevant; relevance "'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case.'" *AP Links, LLC v. Russ*, 299 F.R.D. 7, 11 (E.D.N.Y. 2014) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) and *citing Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir.1992) for the proposition that "the scope of discovery under Rule 26(b) is 'very broad'"); *see In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, *4 (S.D.N.Y. May 8, 2013). "'Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, *4 (S.D.N.Y. May 8, 2013) *quoting* Fed.R.Civ.P. 26(b)(1).

The documents called for by the subpoenas to SBS and Charney unquestionably fall within the broad definition of "relevant." Indeed, SBS has specifically acknowledged its obligation to produce the documents requested by the subpoena, while Charney has produced some, but certainly not all responsive documents.

Total failure to respond to a discovery request is not a prerequisite for seeking court intervention. A motion to compel is appropriate when, as here, a party has responded to the discovery request in part, but that response is inadequate. *See, e.g., Charter Practices Int'l, LLC v. Robb*, 2014 WL 273855, *2 (D. Conn. Jan. 23, 2014) ("The motion to compel is granted. The defendant's response is incomplete. The defendant shall separately answer each of the subparts of the interrogatory in a methodical way."); *Sonberg v. Niagara Cnty. Jail Med. Dep't Head*, 2010 WL 7746200, *1, *5 - *8 (W.D.N.Y. July 30, 2010) (noting that "defendants seek an Order compelling plaintiff to answer unanswered or incompletely answered demands (document demands and interrogatories)" and partially granting motion to compel document demands); *City of New York v. Beretta U.S.A. Corp.*, 429 F. Supp. 2d 517, 521 (E.D.N.Y. 2006) ("On October

Honorable Alvin K. Hellerstein
September 15, 2014
Page 5

14, 2004, ATF produced data to the City on compact discs. Because the City concluded that this data was incomplete and did not comply with the terms of the April 20, 2004 subpoena, on February 15, 2005, the City moved to compel ATF to produce the missing data."); *Factor v. Mall Airways, Inc.*, 131 F.R.D. 52, 54 (S.D.N.Y. 1990) ("Defendant moves pursuant to Fed. R. Civ.P. 37(a)(2) and 37(a)(3) for an order compelling plaintiff to comply with outstanding discovery requests and to supplement his incomplete answers to otherwise answered requests"; granting defendant's motion to compel).

## II.   SBS's Position

There is no specific dispute with SBS. SBS has acknowledged that its production to date is incomplete, but has nonetheless failed to produce any documents other than those detailed above. Counsel for SBS has advised undersigned counsel that they are aware of SBS's obligation to comply but that a Court order may be necessary to effectuate the production.

## III.   Charney's Position

Counsel for Charney has stated in response to our email requests, attached hereto, that "my client has advised me that the documents he has have already been produced." *See* Exhibit C.

### Conclusion

Undersigned counsel respectfully submits that it is simply not possible that Charney Research, which had a six-year business relationship with SBS in which it verified job placements every quarter, does not have a single email or contract with SBS, payment information, other written communication with SBS, or any other document in its possession concerning its work for SBS, its verification process, or any other aspect of that relationship. It is for this reason, and those set forth above, that we respectfully request that the Court compel prompt document production from SBS and Charney Research.

We thank the Court for its consideration of this request.

Respectfully yours,

Bettina Schein

cc:   Michael Rodriguez, Esq., counsel for SBS
      Jerry Goldfeder, Esq., counsel for Charney
      AUSA Ellen Blain, counsel for Plaintiff United States

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff-Intervenor<br><br>  v.<br><br>ALEX SAAVEDRA,<br><br>    Defendant. | **11 Civ. 6425 (AKH)**<br><br><br>**NOTICE OF SUBPOENA** |

To: United States Attorney for the Southern District of New York
   Sarah Jean North
   Assistant United States Attorney
   86 Chambers Street, 3rd Floor
   New York, New York 10007

   PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that defendant

Alex Saavedra intends to serve a Subpoena, in the form attached hereto, on the New York City

Department of Small Business Services on March 26, 2014.

Dated: March 25, 2014

             _Bettina Schein / MCM_
             Bettina Schein
             Law Offices of Bettina Schein
             565 5th Avenue, 7th Floor
             New York, New York 10017

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | | |
|---|---|---|
| United States | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   11-cv-6425 |
| | ) | |
| Alex Saavedra | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     New York City Department of Small Business Services,110 William Street, 7th Floor, New York, NY 10038

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The documents set forth in Exhibit A attached hereto

| Place: Law Offices of Bettina Schein,  565 Fifth Avenue, 7th Floor,  New York, New York  10017 | Date and Time: 04/11/2014 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/25/2014

| *CLERK OF COURT* | | |
|---|---|---|
| _____ | OR | *Bettina Schein* /mcm |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Alex Saavedra
_____ , who issues or requests this subpoena, are:

Bettina Schein, 565 Fifth Avenue 7th Floor, New York, NY 10017,  212-880-9417, bettinascheinlaw@aol.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

**Definitions and Instructions**

1. "SEEDCO" refers to the Structured Employment Economic Development Corporation and its officers, directors and employees.

2. "SBS" refer to the New York City Department of Small Business Services and its officers, directors and employees.

3. "DOI" refers to the New York City Department of Investigation and its employees and personnel.

4. "SDNY" refers to the United States Attorney's Office for the Southern District of New York and its employees and personnel.

5. The term "communication" means the transmittal of information whether made orally, in writing or otherwise, from one person to another, and any evidence of such contact, including but not limited to, any correspondence, memoranda, notes, diaries, text messages, cellular phone transmissions, electronic mail messages, voicemail messages, instant messages, computer files or other documents as "document" is defined in paragraph 6, below. The term "communication" also includes all attachments and links of every kind to any electronic or other communication.

6. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). This term shall include all writings, personal notes, electronic mail or "email," text messages, telexes, electronically stored information, facsimiles, cellular phone transmissions, studies, calendars, day-timers, diaries, appointment books, agendas, minutes, notes, instructions, voicemail messages, contracts, agreements, appraisals, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries, records or minutes of meetings or conferences, lists, publications, journals, ledgers, memoranda, notepads, notebooks, post cards, "post-it" notes, tabulations, analysis, evaluations, opinions or report of consultants or experts, projections, work papers, reports, surveys, invoices, purchase orders, checks (front and back), correspondence, letters, interoffice communications, financial or statistical statements, balance sheets, accounting entries, tax returns, loan documents, publications, articles, books, photographs, video recordings, audio recordings, speeches, transcripts, and all other written or graphic material of any nature whatsoever, in the DOI's possession or control. A draft or non-identical copy is a separate document within the meaning of this term. Each and every non-identical duplicate of a document within the scope of any specific request, whether different from the original because of stamps, indications of receipt, handwritten notes, marks, comments or attachments to different documents, or for any other reason, is a separate document to be produced in response hereto. A document includes all attachments and all appended or embedded links or files.

7. The use of the singular form of any word includes the plural and vice versa.

8. The use of capital letters, lower case letters or quotations marks shall not be construed to limit the scope of any specific request for documents.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. In the event that any document or portion of any document within the scope of any document request is withheld from production upon a claim of privilege, work product or for any other reason, including by means of redaction, please provide a privilege log including a description of the document, the date of its creation, the individuals to whom it was provided, the author of the document and the basis for any claim of privilege, work product or other claimed reasons for non-disclosure.

11. Documents are to be produced in full and unexpurgated form without abbreviation or redaction.

12. These document requests are continuing in nature and oblige you to produce promptly additional documents or information whenever they are acquired, discovered or come into existence after the date of the initial production in response hereto.

13. Each of the specific requests set forth above seek all documents, wherever located, which are in the actual or constructive possession, custody or control of SBS and or its agents and/or representatives, as well as all documents which are known to exist and can be obtained by SBS from any other source.

14. The time period covered by this Document Request is from January 1, 2008 to the present.

**Document Requests**

1. Please produce all communications between SBS and SEEDCO.

2. Please produce all documents relating to, referring to or regarding, in any manner, payments made by SBS to SEEDCO. This request includes, but is not limited to: the contracts or other arrangements pursuant to which those payments were made; all reports provided by SEEDCO to SBS related to SEEDCO job placements and SEEDCO expenses; all internal SBS communications regarding those payments; all communications between SBS and SEEDCO regarding those payments; all invoices, reports, spreadsheets prepared by SEEDCO or SBS in connection with SBS payments; and all WorkSource 1 System data accessible to SBS.

3. Please produce all documents regarding, referring or relating in any manner, to the DOI or SDNY investigations of SEEDCO, the Workforce 1 Career Centers and/or the Workforce 1 job placement reports. This request includes, but is not limited to: interviews; tape

recordings; meetings; notes; memoranda; reports; communications within SBS; communications with DOI and/or SDNY; and communications with any federal, state or city governmental offices and all agencies, divisions, offices and departments thereof.

4. Please produce all documents relating to, referring to or regarding meetings between SBS and SEEDCO.

5. Please produce all communications by and between SBS and any and all federal, state and/or city governmental offices and all agencies, divisions, offices and departments thereof, including the New York State Department of Labor, concerning SEEDCO. This request includes, but is not limited to, communications relating to, referring to or regarding: the engagement of SEEDCO; supervision of SEEDCO; the contract and or interpretation of contracts with SEEDCO; the engagement of third party placement verifiers; payments made by SBS to SEEDCO; quarterly, annual and other reports prepared or received by SBS; invoices prepared or received by SBS; and the DOI or SDNY investigations of SEEDCO, the Workforce 1 Career Centers and/or the Workforce 1 job placement reports.

6. With respect to SBS's engagement of Charney Research Company ("Charney") to audit and or verify information provided by SEEDCO to SBS, please produce: all communications between SBS and Charney; all documents provided by SBS to Charney; and all documents provided by Charney to SBS. This request includes, but is not limited to: contracts by and between Charney and SBS; audit reports provided by Charney to SBS; phone scripts, notes or memoranda which Charney created, considered, used or employed to place audit or verification calls; and protocols or understandings, however memorialized, used by Charney to conduct its audit or verification of placements reported by SEEDCO.

7. With respect to SBS's engagement of The Work Number ("TWN") to audit and or verify information provided by SEEDCO to SBS, please produce: all communications between SBS and TWN; all documents provided by SBS to TWN; and all documents provided by TWN to SBS. This request includes, but is not limited to: contracts by and between TWN and SBS; audit reports provided by TWN to SBS; phone scripts, notes or memoranda which TWN created, considered, used or employed to place audit or verification calls; and protocols or understandings, however memorialized, used by TWN to conduct its audit or verification of placements reported by SEEDCO.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff-Intervenor | 11 Civ. 6425 (AKH) |
| v. | |
| ALEX SAAVEDRA, | NOTICE OF SUBPOENA |
| Defendant. | |

To:    United States Attorney for the Southern District of New York
       Carina Schoenberger, Esq.
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007

       PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that defendant

Alex Saavedra intends to serve a Subpoena, in the form attached hereto, on Charney Research,

LLC on June 3, 2014.

Dated: June 3, 2014

                                              Bettina Schein
                                              Bettina Schein
                                              Law Offices of Bettina Schein
                                              565 5th Avenue, 7th Floor
                                              New York, New York 10017

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| United States | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   11-cv-6425 |
| | ) | |
| Alex Saavedra | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Charney Research, LLC, 1133 Broadway, Suite 1321, New York, NY 10010

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The documents set forth in Exhibit A attached hereto

| Place: Law Offices of Bettina Schein,  565 Fifth Avenue, 7th Floor,  New York, New York  10017 | Date and Time:  06/13/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          06/03/2014

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Bettina Sch* |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Alex Saavedra
                                                                        , who issues or requests this subpoena, are:

Bettina Schein, 565 Fifth Avenue 7th Floor, New York, NY 10017,  212-880-9417, bettinascheinlaw@aol.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

 (2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 (2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 (3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 (2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**Definitions and Instructions**

1.  "SEEDCO" refers to the Structured Employment Economic Development Corporation and its officers, directors and employees.

2.  "SBS" refers to the New York City Department of Small Business Services and its officers, directors and employees.

3.  "DOI" refers to the New York City Department of Investigation and its employees and personnel.

4.  "SDNY" refers to the United States Attorney's Office for the Southern District of New York.

5.  "Charney" refers to Charney Research Company and its officers, directors and employees.

6.  The term "communication" means the transmittal of information whether made orally, in writing or otherwise, from one person to another, and any evidence of such contact, including but not limited to, any correspondence, memoranda, notes, diaries, text messages, cellular phone transmissions, electronic mail messages, voicemail messages, instant messages, computer files or other documents as "document" is defined in paragraph 7, below. The term "communication" also includes all attachments and links of every kind to any electronic or other communication.

7.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). This term shall include all writings, personal notes, electronic mail or "email," text messages, telexes, electronically stored information, facsimiles, cellular phone transmissions, studies, calendars, day-timers, diaries, appointment books, agendas, minutes, notes, instructions, voicemail messages, contracts, agreements, appraisals, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries, records or minutes of meetings or conferences, lists, publications, journals, ledgers, memoranda, notepads, notebooks, post cards, "post-it" notes, tabulations, analysis, evaluations, opinions or report of consultants or experts, projections, work papers, reports, surveys, invoices, purchase orders, checks (front and back), correspondence, letters, interoffice communications, financial or statistical statements, balance sheets, accounting entries, tax returns, loan documents, publications, articles, books, photographs, video recordings, audio recordings, speeches, transcripts, and all other written or graphic material of any nature whatsoever, in the DOI's possession or control. A draft or non-identical copy is a separate document within the meaning of this term. Each and every non-identical duplicate of a document within the scope of any specific request, whether different from the original because of stamps, indications of receipt, handwritten notes, marks, comments or attachments to different documents, or for any other reason, is a separate document to be produced in response hereto. A document includes all attachments and all appended or embedded links or files.

8. The use of the singular form of any word includes the plural and vice versa.

9. The use of capital letters, lower case letters or quotations marks shall not be construed to limit the scope of any specific request for documents.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. In the event that any document or portion of any document within the scope of any document request is withheld from production upon a claim of privilege, work product or for any other reason, including by means of redaction, please provide a privilege log including a description of the document, the date of its creation, the individuals to whom it was provided, the author of the document and the basis for any claim of privilege, work product or other claimed reasons for non-disclosure.

12. Documents are to be produced in full and unexpurgated form without abbreviation or redaction.

13. These document requests are continuing in nature and oblige you to produce promptly additional documents or information whenever they are acquired, discovered or come into existence after the date of the initial production in response hereto.

14. Each of the specific requests set forth above seek all documents, wherever located, which are in the actual or constructive possession, custody or control of SBS and or its agents and/or representatives, as well as all documents which are known to exist and can be obtained by SBS from any other source.

15. The time period covered by this Document Request is from January 1, 2008 to the present.

**Document Requests**

1. Please produce all communications between SBS and Charney relating to, referring to or regarding SBS's engagement of Charney to audit and/or verify information provided by SEEDCO to SBS.

2. Please produce all documents exchanged between SBS and Charney relating to, referring to or regarding SBS's engagement of Charney to audit and or/verify information provided by SEEDCO to SBS. This request includes but is not limited to: contracts by and between Charney and SBS; audit or other reports; data; memoranda; invoices; payment information and correspondence.

3. Please produce all phone scripts, notes or memoranda which Charney created, considered, used or employed to place audit or verification calls in connection with Charney's audit and/or verification of information provided by SEEDCO to SBS.

4.  Please produce all protocols or understandings, however memorialized, created, considered, used and/or relied on by Charney to conduct its audit and/or verification of information provided by SEEDCO to SBS and all documents and communications created or possessed in connection therewith.

5.  Please produce all communications and documents possessed by Charney relating to, referring to or regarding SBS's engagement of Charney to audit and/or verify information provided by SEEDCO to SBS.

6.  Please produce all communications by and between Charney and any and all federal, state and/or city governmental offices and all agencies, divisions, offices and departments thereof, including the New York State Department of Labor, concerning Charney's work for SBS relating to SEEDCO. This request includes, but is not limited to, communications relating to, referring to or regarding the DOI or SDNY investigations of SEEDCO, the Workforce 1 Career Centers and/or the Workforce 1 job placement reports.

EXHIBIT C

**Alan Futerfas**

| | |
|---|---|
| **From:** | Goldfeder, Jerry H. <jgoldfeder@stroock.com> |
| **Sent:** | Wednesday, September 10, 2014 12:24 PM |
| **To:** | Bettina Schein |
| **Cc:** | Ellen.Blain@usdoj.gov; Alan Futerfas |
| **Subject:** | Re: Deposition of Craig Charney  and document production from Charney Research |

I already told you just yesterday that I sent the request regarding your proposed dates to my client.
I also told you yesterday that my client has advised me that the documents he has were already produced.
I will apprise you of his availability as soon as I hear from him.


Jerry H. Goldfeder
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
212-806-5857
917-680-3132
jgoldfeder@stroock.com<mailto:jgoldfeder@stroock.com>
www.stroock.com/goldfeder<http://www.stroock.com/goldfeder>

On Sep 10, 2014, at 12:19 PM, "Bettina Schein" <bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com>>
wrote:


Jerry,

 Is your client, Craig Charney, available for his deposition on Sept. 22nd or Sept. 23rd? AUSA Blain is available on both
those dates.  I am in the process of scheduling other depositions and would appreciate professional courtesy in the guise
of a timely response. In addition, please let me know whether your client, Charney Research will produce the documents
requested in the subpoena and requested again in the email below.

Thank you,

Bettina Schein
Law Offices of Bettina Schein
565 Fifth Avenue 7th Floor
New York, New York  10017
(212) 880-9417
(212) 684-5259
bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com>
scheinbet@aol.com<mailto:scheinbet@aol.com>



-----Original Message-----
From: Bettina Schein <bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com>>
To: jgoldfeder <jgoldfeder@strook.com<mailto:jgoldfeder@strook.com>>

1

Cc: asfuterfas <asfuterfas@futerfaslaw.com<mailto:asfuterfas@futerfaslaw.com>>; mmccann
<mmccann@futerfaslaw.com<mailto:mmccann@futerfaslaw.com>>
Sent: Tue, Sep 9, 2014 11:29 am
Subject: Fwd: Deposition of Craig Charney and document production from Charney Research

Jerry,

Please advise your client that we requested among other  documents the specific ones described in my email of August 7th and as follows:

Is it Charney Research's posture that it does not have any of the documents requested below?


SBS had retained Charney Research to provide independent verification of job placement results for SEEDCO's upper Manhattan Workforce 1 Career Center from 2007 to 2011. We have requested by subpoena among other documents; the quarterly results for the years 2007 - 2011 as well as the underlying data, all questionnaires and or scripts, all call lists and all emails between SBS and Charney Research from 2007 to 2011.




Due to our fact discovery completion date, we would like to confirm the date for Craig Charney's deposition by the end of business today.

Thank you,

Bettina Schein
Law Offices of Bettina Schein
565 Fifth Avenue 7th Floor
New York, New York  10017
(212) 880-9417
(212) 684-5259
bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com>
scheinbet@aol.com<mailto:scheinbet@aol.com>



-----Original Message-----
From: Goldfeder, Jerry H. <jgoldfeder@stroock.com<mailto:jgoldfeder@stroock.com>>
To: Bettina Schein <bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com>>
Cc: asfuterfas <asfuterfas@futerfaslaw.com<mailto:asfuterfas@futerfaslaw.com>>; mmccann
<mmccann@futerfaslaw.com<mailto:mmccann@futerfaslaw.com>>; Yu, Hannah
<hyu@stroock.com<mailto:hyu@stroock.com>>
Sent: Thu, Aug 7, 2014 11:54 am
Subject: Re: Deposition of Craig Charney and document production from Charney Research


He is out of the country currently. I will endeavor to find out as soon as I can

Jerry H. Goldfeder

Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
212-806-5857
917-680-3132
jgoldfeder@stroock.com<mailto:jgoldfeder@stroock.com><mailto:jgoldfeder@stroock.com<mailto:jgoldfeder@stroock.com?>>
www.stroock.com/goldfeder<http://www.stroock.com/goldfeder>

On Aug 7, 2014, at 11:47 AM, "Bettina Schein"
<bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com><mailto:bettinascheinlaw@aol.com<mailto:bettinasche
inlaw@aol.com?>>>
wrote:

Jerry,

Please advise me as to Mr. Charney's availability for his deposition on either Sept. 9th, 10th or 11th.  We request that
the rest of the document production from your client Charney Research be provided to us by August 15, 2014. As your
client knows SBS had retained Charney Research to provide independent verification of job placement results for
SEEDCO's upper Manhattan Workforce 1 Career Center from 2007 to 2011. We have requested by subpoena among
other documents; the quarterly results for the years 2007 - 2011 as well as the underlying data, all questionnaires and or
scripts, all call lists and all emails between SBS and Charney Research from 2007 to 2011.

Thank you,

Bettina Schein
Law Offices of Bettina Schein
565 Fifth Avenue 7th Floor
New York, New York  10017
(212) 880-9417
(212) 684-5259
bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com><mailto:bettinascheinlaw@aol.com<mailto:bettinaschei
nlaw@aol.com?>>
scheinbet@aol.com<mailto:scheinbet@aol.com><mailto:scheinbet@aol.com<mailto:scheinbet@aol.com?>>>


-----Original Message-----
From: Goldfeder, Jerry H.
<jgoldfeder@stroock.com<mailto:jgoldfeder@stroock.com><mailto:jgoldfeder@stroock.com<mailto:jgoldfeder@strooc
k.com?>>>
To: 'bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com><" ?'=""'mailto:bettinascheinlaw@aol.com>'
<bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com><mailto:bettinascheinlaw@aol.com<mailto:bettinasche
inlaw@aol.com?>>
Cc: Yu, Hannah <hyu@stroock.com<mailto:hyu@stroock.com><mailto:hyu@stroock.com<mailto:hyu@stroock.com?>>>
Sent: Thu, Jul 17, 2014 11:11 am
Subject: RE: Deposition of Craig Charney

My client advises me that he is in Europe on business from July 28th through August 15th, and then away with his family
on vacation until Labor Day.
Arrangements will have to be made for September.

Jerry H. Goldfeder
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
212-806-5857
917-680-3132
jgoldfeder@stroock.com<mailto:jgoldfeder@stroock.com><mailto:jgoldfeder@stroock.com<mailto:jgoldfeder@stroock.com?>>
www.stroock.com/goldfeder<http://www.stroock.com/goldfeder>

From:
bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com><mailto:bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com?>>
[mailto:bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com?>]
Sent: Thursday, July 17, 2014 10:59 AM
To: Goldfeder, Jerry H.
Subject: Re: Deposition of Craig Charney

Thank you.
Sent from my Verizon Wireless BlackBerry _____
From: "Goldfeder, Jerry H."
<jgoldfeder@stroock.com<mailto:jgoldfeder@stroock.com><mailto:jgoldfeder@stroock.com<mailto:jgoldfeder@stroock.com?>>>
Date: Thu, 17 Jul 2014 14:40:52 +0000
To: 'Bettina
Schein'<bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com><mailto:bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com?>>>
Cc: Yu, Hannah<hyu@stroock.com<mailto:hyu@stroock.com><mailto:hyu@stroock.com<mailto:hyu@stroock.com?>>>
Subject: RE: Deposition of Craig Charney

You asked me that yesterday. I am trying to find out his availability. I am advised he is out of town. I will get back to you as soon as I am able.

Jerry H. Goldfeder
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
212-806-5857
917-680-3132
jgoldfeder@stroock.com<mailto:jgoldfeder@stroock.com><mailto:jgoldfeder@stroock.com<mailto:jgoldfeder@stroock.com?>>
www.stroock.com/goldfeder<http://www.stroock.com/goldfeder>

From: Bettina Schein [mailto:bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com?>]
Sent: Thursday, July 17, 2014 10:40 AM
To: Goldfeder, Jerry H.
Cc:
asfuterfas@futerfaslaw.com<mailto:asfuterfas@futerfaslaw.com><mailto:asfuterfas@futerfaslaw.com<mailto:asfuterfas@futerfaslaw.com?>>
Subject: Deposition of Craig Charney

Dear Jerry,

4

Please let us know on which of the following dates we can schedule Mr. Charney's deposition; July 30th, 31st or August 1st.

Thank you,

Bettina Schein
Law Offices of Bettina Schein
565 Fifth Avenue 7th Floor
New York, New York  10017
(212) 880-9417
(212) 684-5259
bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com><mailto:bettinascheinlaw@aol.com<mailto:bettinascheinlaw@aol.com?>>
scheinbet@aol.com<mailto:scheinbet@aol.com><mailto:scheinbet@aol.com<mailto:scheinbet@aol.com?>>