F4NJUSAF                          Deliberations

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES of AMERICA,

         Plaintiff,

    v.                                11 Civ. 6425 AKH

ALEX SAAVEDRA,

         Defendant.

------------------------------x

                             April 23, 2015
                             10:16 a.m.

Before:

          HON. ALVIN K. HELLERSTEIN,

                       District Judge
                        and a jury


               APPEARANCES

PREET BHARARA,
    United States Attorney for the
    Southern District of New York
BY:  CARINA HYATT SCHOENBERGER,
    JENNIFER ELLEN BLAIN,
    Assistant United States Attorneys

LAW OFFICES OF BETTINA SCHEIN,
    Attorneys for defendant
BY:  BETTINA SCHEIN, Esq.
    – and –
LAW OFFICES OF ALAN S. FUTERFAS,
BY:  ALAN SAMUEL FUTERFAS, Esq.
         Of counsel


Also Present:
    HARRY SOLOMON, Technical Support USAO
    MARISA ALBERTI, Defense Paralegal & Technical Support

1               (Deliberations resume)

2               (In open court; jury not present)

3               THE COURT:  Good morning, everyone.  Be seated,

4    please.  So I have two notes, marked Court Exhibit 8 and Court

5    Exhibit 9.  Court Exhibit 8 says Cyrille Blackburn is the

6    foreperson, and she is number one.

7               Exhibit No. 9 came in yesterday.  It doesn't have a

8    date.  The jury wants to see -- it doesn't have a time, I

9    mean -- it came in yesterday.  The jury wants to see J-7, L-7,

10   SSS, F-5, D-4, K-7, and Government Exhibits 3, 2, 71, 34, 22,

11   45 Page 2, 13 A Page 5.

12              I gather that you have collected those exhibits and

13   they're ready to be given to the jury?

14              MS. BLAIN:  Yes, your Honor.  Except for the

15   government's exhibit, I know the jury wants just Page 2 of 45

16   and Page 5 of 13 A, but we prepared to hand the jury all of 45

17   and all of 13 A.

18              THE COURT:  With consent?

19              MR. FUTERFAS:  I didn't know that, your Honor.  If I

20   can take a quick look.

21              (Off-the-record discussion)

22              MR. FUTERFAS:  Without objection.

23              THE COURT:  Okay, very well.  Please give it to

24   Ms. Jones.

25              The jury also asked for the testimony of Department of

Investigator Sung, the testimony of William Harper, the cross-examination of Saavedra. I will tell the jury they can't have that. If there is anything in the testimony which they can't recall or about which they're debating, they can ask for something specific, and we'll respond to it, but they will not get globs of the testimony. That was their job at the trial, and they can have their mutual recollections aided.

        MR. FUTERFAS:  Your Honor, respectfully, we object. They asked for a read-back. The government and the defense actually prepared transcripts to send to them. If your Honor doesn't wish to do that, we certainly would request a read-back. Harper was read --

        THE COURT:  Overruled. Overruled.

        MR. FUTERFAS:  Thank you.

        MS. SCHEIN:  May I hand these up?

        THE COURT:  What are those?

        MS. SCHEIN:  These are our exhibits the jury requested.

        THE COURT:  You have one copy of each?

        MS. SCHEIN:  We put in four copies.

        MS. BLAIN:  Two copies. I thought we were instructed to give two copies of each exhibit and I believe and four copies of the transcript, which we are now not giving them the transcript, obviously, but we have given them two copies of the government's exhibits, and I guess the defense has given them

1    four copies of the defense exhibits.

2             MS. SCHEIN:  We prepared four copies of the exhibits
3    and two copies of the transcripts.

4             THE COURT:  Take out two copies, please.  There should
5    be two copies of each exhibit.

6             (Pause)

7             THE COURT:  Have you got two copies of each now?

8             MS. SCHEIN:  Yes, I do.

9             MS. BLAIN:  Your Honor, we have a suggestion, if we
10   may.  We see a possible confusion for the jury if they actually
11   have two copies of each document because they could start to
12   think that the two copies are actually two different e-mails
13   when they start to think about the evidence and get confused.
14   I just don't want them to be confused, obviously.

15            THE COURT:  Let me see the exhibits.

16            MR. FUTERFAS:  Your Honor, there is no issue of
17   confusion.  Every document is labeled with an exhibit, but
18   there are eight jurors, so to have one document passed around
19   amongst eight people, I think for efficiency's sake they should
20   have a few copies of each exhibit, clearly marked as to what
21   they are.

22            THE COURT:  The purpose of deliberation is discussion
23   and persuasion, not separate reading.  Juries have to function
24   together.  If there is one document, someone will read it and
25   the others will discuss it, and that is what I want.  The more

1    copies, the less discussion.
2             The government's concern about confusion is misplaced.
3    Each document is clearly labeled.
4             (Pause)
5             THE COURT:  Bring in the jury, please.
6             MR. FUTERFAS:  Your Honor, before we do that, I am
7    sorry, but we are concerned.  Your Honor instructed the jury
8    that they could ask for testimony to be read back.
9             THE COURT:  Did you just make that objection, Mr.
10   Futerfas?
11            MR. FUTERFAS:  I did, your Honor.
12            THE COURT:  And what did I do?
13            MR. FUTERFAS:  Your Honor denied the objection.
14            (The jury entered the courtroom at exactly 10:25 am)
15            THE COURT:  Good morning, everyone.
16            So you've given me two notes.  The first announces
17   that as Cyrille Blackburn is the foreperson.  Congratulations,
18   Ms. Blackburn.
19            The second is a request to see various things.  Both
20   notes were given to me yesterday.  Please date and time the
21   notes as well.
22            THE FOREPERSON:  Time the notes?
23            THE COURT:  Please date them.
24            THE FOREPERSON:  What is at the top?
25            THE COURT:  Just 4-22-15.  There is no problem from

F4NJUSAF                        Deliberations

1     now on.  You want to see various exhibits, J-7, L-7, SSS, F-5,
2     D-4, K-7.  Those are defendant's exhibits.
3              The Government Exhibits 3, 2, 71, 34, 22, 45 Page 2.
4     We are giving you the whole page.  And 13 A Page 5.  We are
5     giving you the entire exhibit.
6              We have two copies of each for you.  Please give them
7     to Ms. Blackburn.
8              THE FOREPERSON:  Thank you.
9              THE COURT:  You also asked for the testimony of DOI
10    Sung, the testimony of Harper, the cross-examination of Mr.
11    Saavedra's testimony.  I am not going to give you those.  The
12    purpose of the trial is to give you all this evidence.  If
13    there is something specific that you can't recall or that
14    you're debating about, let me know what that specific item is
15    and we'll send that back to you.
16             We are not sending back globs of testimony, okay?
17    Thanks very much.  Continue your deliberations.
18             (The jury left the courtroom at exactly 10:30 am to
19    continue deliberations)
20             THE COURT:  Thank you.
21             (Recess)
22             (Luncheon recess)
23             (Continued on next page)
24
25

1        AFTERNOON SESSION
2        3:25 pm
3        (Deliberations resume)
4        (In open court; jury not present)
5        THE COURT:  Be seated, please.
6        I received a letter in chambers from Mr. Futerfas,
7   requesting that I advise the jury that they are entitled to a
8   read-back of the specific portions of Mr. Harper's testimony or
9   any other witness and that they may request to have portions of
10  the trial transcript made available to them, and there are some
11  reasons for it.
12       I received a letter from the government opposing that
13  as unnecessary and prejudicial.
14       I put the following endorsed order on ECF:
15       "Motion denied.  Counsel may not choose to supplement
16  his summation.  The jury was instructed as to its right to ask
17  for rereadings."
18       I have and marked Exhibit 10 the following note:
19       "We are ready with a verdict, signed Cyrille
20  Blackburn, April 23, 2015, 3:00 pm."
21       Any reason not to bring in the jury?
22       MS. SCHOENBERGER:  No, your Honor.
23       MS. SCHEIN:  No, your Honor.
24       (The jury returned to the courtroom at exactly 3:27
25  pm)

1     THE COURT:  Good afternoon, ladies and gentlemen.  Be
2  seated, everyone.  I have the following note:
3     "We are ready with a verdict.  Signed, Cyrille
4  Blackburn, April 23, 2015, 3:00 pm."
5     We have marked it as court Exhibit No. 10.  Will the
6  Clerk please take the attendance of the jury.
7     (Jury attendance taken; all jurors present)
8     THE CLERK:  All jurors are present.
9     THE COURT:  The Clerk will please recover the verdict
10 from Ms. Blackburn and approach.
11    (Pause)
12    THE COURT:  Return it, please, to Ms. Blackburn.
13    THE CLERK:  Will the foreperson please rise.
14    How do you find on Claim 1, for the plaintiff the
15 United States or for the defendant Mr. Saavedra?
16    THE FOREPERSON:  For the plaintiff, the United States.
17    THE CLERK:  How do you find on Claim 2, for the
18 plaintiff the United States or for the defendant Mr. Saavedra?
19    THE FOREPERSON:  For the plaintiff, the United States.
20    THE CLERK:  If you found for the plaintiff in answer
21 to either or both questions one and two above, in what amount,
22 if any, was the plaintiff damaged?
23    THE FOREPERSON:  $13,000.
24    THE CLERK:  If you found for the plaintiff in answer
25 to Question 2 above, how many material false records or

1  statements, if any, did the defendant knowingly cause to be
2  made or used?
3              THE FOREPERSON:  13.
4              THE COURT:  Please show the verdict to the counsel.
5  Thank you, Ms. Blackburn.
6              (Pause)
7              THE COURT:  Does counsel wish the jury to be polled?
8              MS. SCHOENBERGER:  No, your Honor.
9              MS. SCHEIN:  No, your Honor.
10             THE COURT:  Is there any reason not to discharge the
11 jury?
12             MS. SCHOENBERGER:  No, your Honor.
13             MS. SCHEIN:  No, your Honor.
14             THE COURT:  You are finished.  I want to thank you
15 very much for your service, four intense days plus a day of
16 deliberation, and you did your job.  You were partners in
17 delivery of justice in this Court.  It is an interesting job.
18 I don't know if you had it before.  You can't make a living out
19 of it, but once in a while it is good to serve, and I thank you
20 very much for your service.
21             As I mentioned before, what goes on and what went on
22 in the jury room is something that is private to you.  There is
23 no rule announcing whether you can or cannot discuss this with
24 anyone else.  You are free.  You not bound by the rule.  In the
25 absence of rule, you are free to discuss this with anyone you

1  wish to discuss it with, but you are not obligated to discuss
2  it.
3              One reasonable way to look at this is that you
4  exchanged a lot of information, a lot of things about yourself
5  and your thinking in the jury room, with a sense that others
6  would respect the confidence of what you said.  It might be a
7  very good idea to keep respecting that confidence and to be
8  careful to whom you speak about it, if anyone.  Thank you very
9  much for your service.  You are discharged.
10             (Jury excused)
11             THE COURT:  Be seated.
12             Rule 59 provides grounds for a new trial and provides
13 that a motion for a new trial must be filed no later than 28
14 days after the entrance of judgment.
15             There is another provision for -- and with regard to
16 motions for new trial, affidavits, if any, must be filed with
17 the motion.  The opposing party is 14 days after being served,
18 to file opposing affidavits, and reply affidavits may be served
19 as well on my permission.
20             There is another provision for judgments as a matter
21 of law, the number of which is not in my mind at this moment,
22 but it is the same number of days.  So 28 days would run out
23 May 21.  You may have until 21 to decide to move for a new
24 trial.
25             I also have to fix judgment in the case, treble

1    damages.  Damages are $13,000.  Trebling would make for
2    $39,000.  I also have to fix penalties.  Penalties, according
3    to the verdict, are 13.  Each penalty is between $5,500 and
4    $11,000.  I would could either just do it or wait for some
5    advice by counsel or look for agreement between counsel.
6             Finally, the government has a right to recover costs.
7             MR. FUTERFAS:  Excuse me, your Honor.
8             (Off-the-record discussion)
9             MS. SCHOENBERGER:  Your Honor, the parties have
10   conferred and think that it makes sense to get back to the
11   court regarding how we would like to proceed, and if there is a
12   date by which we should do that, we'll call it that.
13            THE COURT:  How about May 7th?
14            MS. SCHOENBERGER:  We can do it, your Honor.
15            THE COURT:  Do you want to do it by joint letter?
16            MS. SCHOENBERGER:  Yes.
17            THE COURT:  Each side will state its position in a
18   joint letter?
19            MS. SCHEIN:  Yes, your Honor.
20            THE COURT:  That is a schedule for interim days where
21   somebody would propose, someone would initiate, and someone
22   would respond, and I'll expect the letter by 4:00 pm on May
23   7th.
24            MS. SCHOENBERGER:  Thank you.
25            MS. SCHEIN:  Thank you.

1           THE COURT:  Anything else I need to cover now?
2           MS. SCHOENBERGER:  Not from the government, your
3   Honor.
4           MR. FUTERFAS:  Nothing from the defense, your Honor.
5           MS. SCHEIN:  No, your Honor, not at this time.
6           THE COURT:  So I will understand that the joint letter
7   could propose substantive information for me to use, it could
8   propose your respective ideas of what I should do, but it
9   wouldn't be a formal motion with affidavits and briefs and the
10  like.
11          MS. SCHEIN:  Yes, your Honor, that is what we agreed
12  upon.
13          THE COURT:  A joint letter with supporting
14  information, that will be sufficient to give me the advice, and
15  then I can rule.
16          MS. SCHOENBERGER:  Thank your Honor.
17          THE COURT:  Thank you very much.  Thank you for a very
18  nice trial.
19          (Court adjourned)