UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
UNITED STATES,

                    Plaintiff,

-against-

ALEX SAAVEDRA,

                    Defendant.
-------------------------------------------------------------- x

**ORDER FIXING DAMAGES, PENALTIES AND COSTS AND AUTHORIZING FINAL JUDGMENT**

11 Civ. 6425 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       A jury trial was held in the above-captioned case from April 14, 2015, through April 23, 2015. After hearing five days of testimony, the jury deliberated for two days, and then issued a verdict, finding Alexandro Saavedra (the "Defendant") liable to the United States of America (the "Plaintiff") for violations of the False Claims Act, 31 U.S.C. §§ 3729 *et seq*. The parties have submitted their respective positions as to the statutory damages, penalty, and costs which should be imposed on the Defendant. (Dkt. No. 179.) For the reasons discussed below, I award the Plaintiff a judgment against the Defendant in the amount of $39,000 in damages, $143,000 in civil penalties, and $10,872.29 in costs, totaling $192,872.29.

## BACKGROUND

       This case was brought in 2011 as a *qui tam* action against the Structured Employment Economic Development Corporation ("SEEDCO"), and several of SEEDCO's employees. Plaintiff intervened, and all of the defendants settled in advance of trial except for the Defendant.

       On April 23, 2015, the jury returned their unanimous verdict. The jury found the

1

Defendant liable on both claims put to them: (i) Defendant knowingly presented, or caused to be presented, false and fraudulent claims for payment to the United States or its affiliate; and (ii) Defendant knowingly caused false records or statements to be made which were material to a false or fraudulent claim to the United States or its affiliate. (Dkt. No. 169 at 948:13-19; *see also* 31 U.S.C. §§ 3729(a)(1)(A) & 3729(a)(1)(B).) The jury further found that Plaintiff was damaged as a result of Defendant's actions in the amount of $13,000, and that Defendant knowingly caused thirteen material false records or statements to be made or used. (Dkt. No. 169 at 948:20-949:3.)

## LEGAL STANDARD

The False Claims Act provides that any person who violates its provisions "is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990, plus 3 times the amount of damages which the Government sustains because of the act of that person". 31 U.S.C. §3729(a)(1). The Federal Civil Penalties Inflation Adjustment Act of 1990 raised the statutory penalties to a minimum of $5,500 and a maximum of $11,000. 28 U.S.C. § 85.3(a)(9). Reduced damages of double, instead of treble, are available if the person committing the violation cooperated with the Government's investigation. 31 U.S.C. § 3729(a)(2). An individual liable for violation the False Claims is also liable to the United States for the costs of a civil action brought to recover any such penalty or damages. 31 U.S.C. § 3729(3).

## ANALYSIS

**I. Damages.**

The jury found that because of Defendant's acts, Plaintiff was damaged in the

amount of $13,000. (Dkt. No. 169 at 948:20-23.) Pursuant to the statute, that amount is trebled, to make a damages total of $39,000. *See* 31 U.S.C. § 3729(a)(1).

Defendant argues that he should not have to pay *anything* to Plaintiff, notwithstanding the jury's finding that he was liable on both counts, because "the jury found that the damages proven by the government are 13,000", and other parties had settled for over $1,725,000. (Dkt. No. 179 at 7.) Defendant misstates the record. The jury found that Plaintiff was damaged in the amount of $13,000 because of *Defendant's* actions—as a result of his knowing presentment of false and fraudulent claims and false records or statements which were material thereto. The damages caused by defendant Saavedra are not "common damages" caused by the acts of other defendants, and are not offset by the previous defendants' settlements.

## II. Penalties.

The jury found that Defendant violated both provisions of the False Claims Act with which he was charged, and that Defendant knowingly caused thirteen material false records or statements to be made or used. (Dkt. No. 169 at 948:13-949:3.) Testimony was introduced at trial that the falsification of records, and Defendant Saavedra's knowledge thereof, was prevalent from at least August 2009 through October 2011. (*See, e.g.*, Dkt. No. 157 at 169:18-170:9; Dkt. No. 181 at 31:2-3.) The records prior to January 2011, however, were destroyed as a matter of course, not due to spoliation, but rather to the regular practice of companies, like SEEDCO, who contracted to run the Workforce1 Centers. (*See, e.g.*, Dkt. No. 161 at 138:2-15.) As the evidence introduced at trial showed that falsification of records was a deliberate method of doing business, I find that a higher penalty for each violation of the False Claims Act is warranted in this case.

Furthermore, even after the jury issued its verdict, Defendant Saavedra has not accepted responsibility for his actions, issuing a press release stating that he was "gratified by the

verdict" and stating the verdict "is a very significant vindication". (Dkt. No. 180 at 5.) As acceptance of responsibility is a factor the court can consider in using its discretion to assess the penalties, *see, e.g., BMY—Combat Systems Div. of Harsco Corp. v. United States*, 44 Fed. Cl. 141, 151 (Fed. Cl. 1999), this also confirms that a penalty of $11,000 for each of the violations is appropriate in this case, and award Plaintiff a penalty of $143,000.

Defendant argues also that the penalties should be offset by the previous settlements, and I again find this argument unpersuasive. The penalties are applied reflecting defendant Saavedra's acts, not the acts of others.

### III. Costs.

Plaintiff seeks to recover $10,872.29, which is the sum of the following:

| Cost | Amount |
| --- | --- |
| Filing fee | $350.00 |
| Statutory witness attendance fees, per 28 U.S.C. § 1821 | $800.00 |
| Trial witness travel expenses | $656.17 |
| Trial transcripts | $4,395.24 |
| Transcription of Defendant's deposition, used at trial | $3,774.30 |
| Travel costs for Defendant's deposition | $896.58 |
| **TOTAL** | $10,872.29 |

The costs are reasonable and proper in the context of this hard-fought litigation. I award Plaintiff $10,872.29 in costs.

Defendant objects to the imposition of costs, again arguing that the costs are offset by the previous settlements. However, these costs relate to the government's litigation against Defendant Saavedra, and not the other defendants.

## CONCLUSION

The clerk shall enter judgment against Defendant Alex Saavedra in the amount of $192,872.29, and mark all open motions terminated and the case closed.

        SO ORDERED.

Dated:

        June 16, 2015
        New York, New York

        ALVIN K. HELLERSTEIN
        United States District Judge